UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, and THE COMMONWEALTH OF MASSACHUSETTS *ex rel.* STEPHEN M. ZAPPALA, OLIVIA LANNA, and ERIC WOJCIK,<br>Plaintiffs,<br>v.<br>STEWARD HEALTH CARE SYSTEM, LLC, *et al.*,<br>Defendants. | No. 1:18-cv-12125-RGS |

## AFFIDAVIT OF SARAH E. WALTERS

I, Sarah E. Walters, hereby depose and state as follows under the pains and penalties of perjury:

1. I am an attorney licensed to practice law in the Commonwealth of Massachusetts, and have been admitted to practice in the above-referenced Court. I am a partner at McDermott Will & Emery LLP. I submit this Affidavit in support of defendant Steward Healthcare System LLC and its related entities ("Steward")'s opposition to relators' petition for attorneys' fees, costs, and expenses.

2. Mark Pearlstein and I represented Steward in connection with the investigation that led to the settlement of the above-captioned matter.

3. Steward first learned of the investigation in January 2019, when it received a subpoena *duces tecum* (the "Subpoena") issued from the Department of Justice. The Subpoena sought documents and information regarding specific issues, including a Prostate Cancer Center of Excellence at Good Samaritan Medical Center ("GSMC") and compensation arrangements between GSMC and physicians associated with Brockton Urology; equipment and real properly leases with Essex Orthopaedics and Orthopaedics Northeast; real property leases with Dr. Vartan Yeghiazarians; and the overprescribing of narcotics at Steward Primary Care at Crown Colony. The Subpoena did not seek documents and information related to Steward's Accountable Care Organization network or any of the issues described in claims set forth in paragraphs 104-115 (claim 1), 127 (claim 5), 128-133 (claim 6), 134 (claim 7), or 135 (claim 8) of the *qui tam* complaint, filed by relators. *See* Case No. 1:18-cv-12125-RGS.

4. During the government's investigation, Steward produced tens of thousands of pages of documents. Mr. Pearlstein and I also regularly engaged in substantive discussions about the investigation with representatives of the U.S. Attorney's Office for the District of

1

Massachusetts and the Attorney General's Office for the Commonwealth of Massachusetts (collectively, the "government"). The government's questions and our substantive discussions related to Relators' claim 2, specifically whether Steward induced providers to refer patients within its network in violation of the federal Anti-Kickback Statute and the Stark Law. While the government inquired about Steward's leased real property and medical equipment arrangements with Dr. Yeghiazarians and Essex Orthopedics, the government did not actively engage with Steward about this issue. The government actively engaged Steward regarding allegations about Steward's establishment of a Prostate Cancer Center of Excellence at GSMC and payments to Brockton Urology.

5. Neither Mr. Pearlstein nor I had any substantive discussions regarding the above-captioned matters with counsel for any of the relators until after an agreement in principle was negotiated with the government.

6. Steward reached an agreement in principle with the government to settle the above-captioned matters on November 3, 2021.

7. Mr. Pearlstein and I first received copies of the *qui tam* complaints filed by relators in the above-captioned matter on November 18, 2021.

8. Attached hereto is Exhibit A, a document prepared by counsel for Steward containing true and correct excerpts of the time entries submitted as Exhibit B in support of relators' motion for attorneys' fees and costs (ECF No. 72–4).

Signed under the pains and penalties of perjury this 20th day of September, 2023

*/s/ Sarah E. Walters*
Sarah E. Walters