## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA and THE COMMONWEALTH OF MASSACHUSETTS *ex rel.* STEPHEN M. ZAPPALA, M.D., OLIVIA LANNA, M.D., and ERIC WOJCIK, <br>   Plaintiffs, <br> vs. <br> STEWARD HEALTH CARE SYSTEM, LLC, *et al.*, <br>   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  CASE NO. 1:18-CV-12125 RGS <br><br> **ORAL ARGUMENT REQUESTED** |

### PLAINTIFF-RELATORS' REPLY BRIEF IN SUPPORT OF THEIR PETITION FOR ATTORNEYS' FEES, COSTS AND EXPENSES

Plaintiff-relators Zappala, Lanna and Wojcik submit this Reply Brief in support of their Petition for attorneys' fees, costs, and expenses, which presented a comprehensive basis supported by attorney declarations[1] for the reasonable amounts sought, reduced by Relators to pre-empt the type of boilerplate challenges that Defendants now offer. In response, Defendants speculate that awarding *unreasonable* attorneys' fees would encourage relators' counsel to spend time on worthless tasks (a dubious proposition in any event), but do not claim that counsel here engaged merely in "throwing claims at the wall." Nor could they, as Relators' counsel undertook tasks in service of their clients were reasonable and necessary to the prosecution of their claims, and in some instances were specifically requested by the government.

Defendants wholly ignore that "[t]he purpose of the qui tam provisions of the False Claims Act is to encourage private individuals who are aware of fraud being perpetrated against the Government to bring such information forward." H.R.Rep. No. 99–660, at 23 (1986). *See, also,* Petition Brief ("Pet. Br."), pp. 6-7. As the *Athena* district court noted, "…a fee award is

---

[1] Exhibit D to this Reply contains three declarations [B-2 (Declaration of Lisa G. Arrowood), B-3 (Declaration of Jeanne A. Markey) and B-4 (Declaration of Regina D. Poserina)] inadvertently omitted from the Petition.

1

necessary to vindicate the objectives of the FCA." *U.S. v. AthenaHealth, Inc.*, 2022 WL 658654, *7 (D. MA, Mar. 3, 2022). Defendants' argument that some (other) relators' attorneys might bill for time unrelated to the Act's purposes has no applicability here. *See,* Defendants' Brief in Opposition ("Def. Br."), pp. 2-3.

<u>*Athena* and First Circuit Caselaw Support Relators' Petition for Fees and Costs</u>

This Circuit's caselaw supports an award of fees and costs in this matter.  In *Athena,* the relator waived his right to fees for the declined claim [*U.S. ex rel. Lovell v. Athena Healthcare Inc.*, 56 F. 4th 152, 159 (1st. Cir. 2022)], yet the court found that he was entitled to fees for work on declined claims that was "substantially interconnected" and evidenced "potential synergies" with the intervened claims. *Id.*, at 161.  The Relators' claims here contain substantial factual interconnections (s*ee,* Pet. Br., pp. 10-13), and the settled claims were significantly more complex than those declined.  *See Athena,* 56 F.4th at 161.  The Relators' complaint alleges that Defendants chose ACO participation and met their ACO metrics by pressuring physicians to increase billings through use of kickbacks, Stark violations, mandatory internal referrals, and substandard care. Pet. Br., pp. 10-13.

*Athena* rejected defendants' time entry attacks, finding that caselaw supported "most of the tasks for which relator claims fees" as "reasonably necessary to further the prospects of the litigation." *AthenaHealth,*  2022 WL 658654 at *7 (citations omitted). Finding that relator Sanborn's two claims were not "substantially interconnected" but that he was "successful in recovering a substantial sum of money for the government," the Court rejected defendants' request for a large fee reduction. *Id.*

In the present case, Relators' claims are factually interconnected, all based upon Steward's ACO system and actions to improve ACO metrics through pressure to self-refer and

ignore patient care delivery. Relators' legal theories allege that Steward's focus on ACO metrics resulted in AKS and Stark law violations; and that the focus on ACO metrics resulted in substandard patient care. *See,* Pet. Br., at pp. 10-13. These factual and legal distinctions require a different factual outcome than *Athena* and render inappropriate Defendants' suggested approach of calculating an award based only on the ratio of intervened to declined claims.

A close examination of the alleged deficiencies in Relators' counsels' time entries reveals that Defendants have failed to demonstrate that the time spent by Relators' counsel was unreasonable or that the pre-emptive reductions in hours do not fully address Defendants' complaints.[2] For example, Defendants cite cases (Def. Br., pp. 15-16) requiring a 50% reduction for unproductive travel time but fail to explain why Relators' counsels' travel was "unproductive" or why the pre-emptive 50% reduction of such time does not adequately (and conservatively) resolve this challenge. Similarly, Defendants criticize Ms. Poserina's time spent on fees issues but fail to demonstrate why her work or this time is inappropriate, in light of the FCA's mandatory fee requirements and their own participation in a **fee mediation with Magistrate Judge Kelley**.

Defendants criticize Relators' timekeeping system, but again fail to explain why the pre-emptive 25% reduction of all Cohen Milstein time prior to December 2022 does not resolve this challenge. *See*, Ex. D, B-4, ¶ 14; Pet. Br., p. 16; Pet. Br. Ex. B-1, ¶ 22.

This circuit's block billing caselaw does not require a reduced fee when the vast majority of time entries are not block billed. *See, Muehe v. City of Boston,* 569 F. Supp. 3d 80, 85-86 (D. Mass. 2021). Indeed, Defendants fail to cite any First Circuit caselaw mandating block billing reductions. *See,* Def. Br., p. 15. Defendants' Exhibit A cites 41 alleged block billing entries, all

---

[2] Ex. E contains Relators' supplemental attorneys' time for work performed from July 17, 2023 to present.

related to drafting the complaint, out of thousands of time entries on 118 pages of timesheets (*see,* Pet. Br., Ex. B) entered by Relators' two law firms. Since the vast majority of Relators' time entries did not contain block billing, no fee reduction is warranted. In addition, while Defendants take issue with how time spent on fundamental tasks such as drafting the complaint was recorded, they do not argue that Relators' pre-emptively reduced "block billing" time is unreasonable in light of the nature and complexity of the case. *See,* Pet. Br., p. 16.

*Relators' Counsel performed compensable work on all claims that the Government investigated.*

Relators actively participated in the Government's investigation and were privy to matters not disclosed to the Defendants. *See,* Def. Br., pp. 5,11; Pet. Br., pp. 8-9. Defendants, on the other hand, are not aware of the full scope of the government's investigation, even though they present arguments that are premised on its supposedly narrow scope.

Relators' counsels' timesheets reflect communications and time spent performing tasks requested by the Government. *See*, e.g., Pet. Br. Ex. C, ¶¶ 26-28[3]; Ex. D, B-2, ¶ 18; B-3, ¶¶ 25-27. B-4, ¶ 16. Attorney time related to Government requests is reasonable and is the type of work ordinarily necessary, and therefore compensable. *See,* Ex. C, ¶¶ 26-28; Ex. D, B-1, ¶¶ 13-17; B-3 ¶ 25-27, B-4 ¶ 16. For example, the Government specifically requested that Relators investigate FCA liability of private equity entities, a new area of FCA law. *See,* Ex D, B-3, ¶¶ 25-27, 17. Attorney Markey's work investigating Cerberus and FCA private equity liability required deep research and sophisticated analysis befitting an experienced attorney. *See,* Pet. Br., pp. 3, 9 and 16; Ex. D, B-3, ¶ 17.

---

[3] Expert Suzanne E. Durrell opined on reasonable and ordinarily necessary attorney work and reasonable attorney hourly rates.

4

The settlement agreement in this action did not apportion settlement amounts among each settled claim. Defendants nonetheless assert, without support in the record, that Relators' fees should be reduced because some (unspecified) settlement amounts are unrelated to intervened or declined claims. Defendants also improperly compare the settlement amounts to the attorneys' fees requested (Def. Br., p.7), even though applicable caselaw holds that fees are based on lodestar, not a comparison with or percentage of the settlement amount.

*Relators' Counsel performed compensable work for relator Olivia Lanna, M.D.*

Defendants specifically attack Relators' attorneys' work with Relator Lanna, but this work was reasonable and ordinarily necessary in pursuing an FCA case. *See, e.g.,* Pet. Br., p. 2, Ex D, B-2, ¶¶ 14 (Diligent, time-consuming case preparation and development before filing a complaint… counsel routinely risk spending long hours on matters that may ultimately prove to be unsuccessful.), B-3 at ¶ 16 (to best serve your client…requires significant, ongoing effort working the case…). Defendants' first 5 pages of challenged time entries related to Dr. Lanna (Def. Br., Ex. A) includes work preparing the complaint, prepping her for the Government's interview, and providing information requested by the Government. Pages 6 through 12 involve interactions with Dr. Lanna, Mr. Wojcik (including five references to him), and Dr. Zappala. These tasks were reasonable and ordinarily necessary in prosecuting a False Claims Act case. *See*, e.g., Durrell Decl., Pet. Br. Ex. C, ¶ 27 (preparing filings, supplemental disclosures and information analyses for the Government is time consuming and necessary).

**CONCLUSION**

Relators are entitled to payment for all of the reasonable and ordinarily necessary fees and costs in this matter, including supplemental fees submitted with this Brief.

September 27, 2023                              Respectfully submitted,

/s/ Regina D. Poserina
Regina D. Poserina
Gary L. Azorsky
Cohen Milstein Sellers & Toll PLLC
100 N, 18th Street
Suite 3610
Philadelphia, PA 19103
(267) 479-5700
rposerina@cohenmilstein.com
gazorsky@cohenmilstein.com

Lisa G. Arrowood
Sarah E.A. Sousa
Arrowood LLP
10 Post Office Square, 7th Floor South
Boston, MA 02109
larrowood@arrowoodllp.com
ssousa@arrowoodllp.com
*Attorneys for Relators*

## CERTIFICATE OF SERVICE

      I certify that on September 27, 2023, I caused to be served, via this Court's ECF system, a true and correct copy of Relators' Reply Brief in Support of Their Petition for Attorneys' Fees, Costs and Expenses upon all counsel of record.

      /s/ Regina D. Poserina