## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, and THE COMMONWEALTH OF MASSACHUSETTS *ex rel.* STEPHEN M. ZAPPALA, OLIVIA LANNA, and ERIC WOJCIK,<br>　　　　　　Plaintiffs,<br>v.<br>STEWARD HEALTH CARE SYSTEM, LLC, *et al.*,<br>　　　　　　Defendants. | No. 1:18-cv-12125-RGS<br><br>**LEAVE TO FILE GRANTED ON 9/28/2023 DKT. NO. 76** |

**DEFENDANT STEWARD HEALTH CARE SYSTEM LLC'S SUR-REPLY IN OPPOSITION TO RELATORS' PETITION FOR ATTORNEYS' FEES, COSTS AND EXPENSES PURSUANT TO 31 U.S.C. § 3730(d)(1) AND THE PARTIES' SETTLEMENT AGREEMENT**

Defendant Steward Health Care System LLC ("Steward") submits this sur-reply in further opposition to Relators' Petition for Attorneys' Fees, Costs, and Expenses pursuant to the Court's Order (ECF No. 76). The Court granted Steward leave to address contentions raised in Relators' reply brief (ECF No. 75 ("Reply Brief")), including but not limited to, Relators': 1) request for fees for their participation in the Government's investigation; 2) request for fees incurred from July 17 – September 27, 2023; 3) request for fees incurred in connection with the fee mediation with Magistrate Judge Kelley; and 4) assertion that certain reductions (50% for unproductive travel time and 25% reduction of all Cohen Milstein Sellers & Toll PLLC ("CMST")'s time before November 2022) resolve any unreasonable fee charges. ECF No. 76.

The bottom line is this: under *United States ex rel. Lovell v. AthenaHealth, Inc.*, 56 F.4th 152 (1st Cir. 2022), Relators are only entitled to one-eighth of the fees they are requesting because the settlement payment for which they received a relator's share was paid to settle only one of the

1

eight claims Relators brought.  Now that Relators have included the fees associated with their work through the filing of their petition, they have increased their fee request from approximately $1.2 million to approximately $1.36 million.  They are entitled to one eighth of that—or no more than $170,000.

***Relators are Entitled to One Eighth of Their Fees.***  Relators continue to misinterpret *Athena*.  Reply Br. at 1 – 3.  In that very recent case, the First Circuit upheld the district court's ruling that the relator was entitled to half of his requested attorneys' fees and expenses because the government proceeded with, and the parties settled, half of the relator's claims.  56 F.4th at 161.  The *Athena* Court also specifically rejected relator's argument that he was entitled to recover fees for work on the non-intervened claim because work on that claim was not "useful and necessary to the settlement of the" intervened claim.  *Id.*

Here, the government proceeded with, and the parties settled, only one of Relators' eight claims.  Relators' Ex. A, Settlement Agreement at Recitals E – G.  Relators thus are entitled only to compensation for work on that one claim.  Indeed, as in *Athena*, Relators' "counsel ha[ve] not distinguished between time spent on each claim."  *See* 56 F.4th at n. 3.  Accordingly, an "across-the-board percentage reduction" is appropriate.  *See id.*  As the First Circuit upheld the application of a 50% reduction for a 50% claim success rate, the Court here should apply an 87.5% reduction for a 12.5% claim success rate.

Also as in *Athena*, Relators' eight claims here are "not substantially interconnected and . . .the claims' operative legal theories [are] distinct."  56 F.4th at 161.  As set forth in detail in Steward's opposition (ECF No. 74) ("Opposition Brief"), the settled claim alleged that Steward violated the Anti-Kickback Statute ("AKS") and Stark Law by paying non-Steward employed urologists for managing a Prostate Cancer Center of Excellence that did not exist.  ECF No. 1

("Complaint") ¶¶ 117 – 19.  This claim has nothing to do with Relators' seven other claims, including, for example, that Steward forced patients to receive care from providers within its ACO network (Compl. ¶¶ 104 – 15)—an allegation that, to Steward's knowledge, the government *did not even investigate*.  *See* Walters, Aff. ¶ 4; Opp. at 5 – 6.  Under these circumstances, Relators are entitled to no fees for work on their failed claims.  *See United States ex rel. Lovell v. AthenaHealth, Inc.*, No. CV 17-12125-NMG, 2022 WL 658654, at *7 (D. Mass. Mar. 3, 2022) (excluding fees when "different claims for relief are not interconnected, that is, when the claims rest on different facts and legal theories") (quoting *Bogan v. City of Boston*, 489 F.3d 417, 428 – 29 (1st Cir. 2007)).

***Relators are Entitled to One Eighth of the Fees Incurred Between July and September and for Time Spent on the Fee Mediation.***  Steward does not dispute that any fee award should take into account Relators' work on the fee mediation and petition.  But, just as the relator in *Athena* was awarded only half of his fees for that work, the Relators here are only entitled to one eighth of their fees for the time spent on the mediation and the petition, in which they argue—notwithstanding *Athena*—they are entitled to fees in connection with their work on *the entirety of the case*.  *See Athena*, 56 F.4th at 161; *United States ex rel. Sanborn v. AthenaHealth, Inc.*, No. CV 17-12125-NMG, 2023 WL 4493513, at *3 (D. Mass. July 11, 2023) (awarding half of the fees incurred for the preparation of a reply brief in further support of relator's fee petition because "[t]here is no logical reason for this Court to depart from the 50% across-the-board reduction.").

***There is No Exception for Additional Fees Incurred While "Participating" in the Government's Investigation, Which are Not Independently Recoverable.***  No matter how many ways Relators attempt to reframe the issue, Relators are entitled to recover only those fees incurred in connection with the one settled claim that they identified for the government—the only claim

for which they received a "relator's share." *Of course*, Relators assisted the government in many aspects of their investigation—Relators were motivated to assist the government in obtaining an award that Relators would, and did, share. But the fee-shifting provision set forth in § 3730(d)(1) and interpreted by the First Circuit explicitly *does not* allow relators to recover fees for *all* work assisting the government—if that was the case, relators could theoretically recover a fee award even where there has been no recovery on their actual claims. And that is not the law. Rather, the statute limits recovery to those fees incurred in connection with *the settled claim*. The fact that Relators point to their provision of "a thorough written analysis of the bases of False Claims Act ("FCA") liability with respect to the private equity defendant Cerberus," Markey Decl. ¶ 27; Azorsky Decl. ¶ 27, is telling because, although Relators chose to identify Cerberus as a defendant in their complaint, Cerberus was not a party to the settlement agreement. In other words, although Relators' counsel dedicated a huge amount of time to trying to establish liability against Cerberus, those efforts failed and Cerberus did not make any settlement payment.

***Relators' Purported Reductions are Irrelevant and Insufficient to Satisfy Their Burden of Establishing Reasonableness.*** As a practical matter, because Relators have not segregated their fees among the different claims, and because they are only entitled to fees for the one settled claim, the Court can and should simply award one eighth of the fees they seek and need not wade into the details of Relators' superficial reductions applied to, at most, an undefined portion of their fees. The relator in *Athena* tried the same trick and, as the First Circuit concluded, a 50% reduction to those preemptively reduced fees was the appropriate methodology of determining reasonableness. 56 F.4th at 161. Moreover, Relators' unsubstantiated 25% discount to the time they billed in 0.25 increments,[1] 50% discount for unproductive travel time, and some undefined discount for "time

---

[1] Under *Perez-Sosa v. Garland*, 22 F.4th 312, 331 (1st Cir. 2022), time billed in 0.25 increments must be reduced by 25% before other discounts apply.

4

that is duplicative, unproductive or excessive," see Azorsky Decl. ¶ 47, does not satisfy their burden of establishing reasonableness. Even in their Reply Brief, Relators refuse to do the math and still fail to show the Court how the reductions were actually applied.[2] Moreover, it is mindboggling that Relators persist in their effort to recover for *any* travel time, given that travel time—reduced or otherwise—is not recoverable. Similarly, their supposed reductions cannot possibly account for the fact that five CMST attorneys over-billed for the same tasks performed by the Arrowood firm and that their most senior lawyers billed for tasks such as reviewing trade publications and other ministerial tasks. *See* Opp. at 15 – 18 (citing cases and detailing billing records).

Notwithstanding their assertions to the contrary, Relators spent significant time "throwing claims at the wall." Reply Br. at 1. If Relators are awarded attorneys' fees for work expended pursuing those unsuccessful claims, they would receive a significant windfall, which is counter to the text of the FCA and the First Circuit's recent holding in *Athena*. The Court should award Relators no more than $170,000 in fees, costs, and expenses.

Date: October 11, 2023

Respectfully submitted,

/s/ *Sarah E. Walters*
Mark W. Pearlstein (BBO #542064)
Sarah E. Walters (BBO #638378)
MCDERMOTT WILL & EMERY LLP
200 Clarendon Street, Floor 58
Boston, Massachusetts 02116
Tel: (617) 535-4000
mpearlstein@mwe.com
sewalters@mwe.com

*Counsel for Steward Health Care System LLC*

---

[2] It remains impossible for Steward or the Court to understand how much the fees were discounted or whether the supposed reductions were appropriately applied. *See* Opp. at 15 – 18.

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 11, 2023, I electronically filed the foregoing document using the ECF filing system, which will send notice of the filing to counsel of record.

<u>/s/ Sarah E. Walters</u>
Sarah E. Walters
