UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-12125-RGS

THE UNITED STATES OF AMERICA,
THE COMMONWEALTH OF MASSACHUSETTS,
*ex. rel.* STEPHEN ZAPPALA, M.D.,
OLIVIA LANNA, M.D., and ERIC WOJCIK

v.

STEWARD HEALTHCARE SYSTEM LLC, *et al.*

MEMORANDUM AND ORDER ON
PLAINTIFF-RELATORS' PETITION FOR
ATTORNEYS' FEES, COSTS, AND EXPENSES

October 11, 2023

STEARNS, D.J.

Plaintiff-relators Stephen Zappala, M.D., Olivia Lanna, M.D., and Eric Wojcik (collectively, Relators) brought this action against defendant Steward Health Care System LLC and its related entities (collectively, Steward) for alleged violations of the False Claims Act (FCA), 31 U.S.C. §§ 3729 *et seq.*, and its Massachusetts analogs. The United States of America and the Commonwealth of Massachusetts (collectively, the Government) intervened as a matter of right and subsequently settled one of the eight claims asserted

in the Relators' Complaint.[1]  Relators now move to recover attorneys' fees, costs, and expenses pursuant to 31 U.S.C. § 3730(d)(1).[2]

"Steward does not dispute that Relators are entitled to receive a portion of their attorneys' fees and costs arising from the settlement of this action." Opp'n to Pet. for Attorneys' Fees, Costs, and Expenses (Opp'n) [Dkt # 74] at 1.  Steward does, however, oppose Relators' request to recover *all* their attorneys' fees, costs, and expenses.  Steward contends that Relators should, at most, recover 12.5% — or one eighth – of the fees, costs, and expenses currently submitted to the court.[3]

---

[1] Relators released the remaining seven claims in the parties' Settlement Agreement.  The Government, however, did not.  *See* Settlement Agreement [Dkt # 72-3] ¶¶ 5, 6, 9 (only releasing claims for "Covered Conduct").

[2] Relators released any claim for attorneys' fees, costs, or expenses pursuant to 31 U.S.C. § 3730(d)(2).  *See* Settlement Agreement ¶ 7 ("Relators . . . release Steward . . . from any and all liability, claims, allegations, demands, actions and causes of action whatsoever in law or equity, that Relators have or could have asserted against Steward in No. 18-cv-12125 . . . except that Relators' claims for reasonable attorney's fees, costs, and expenses *pursuant to 31 U.S.C. § 3730(d)(1) and/or its state analogs* are not released.") (emphasis added).

[3] Although the court shares Steward's concerns regarding the reasonableness of these sums based on the submitted billing records, *see* Ex. B to Pet. for Attorneys' Fees, Costs, and Expenses [Dkt # 72-4] – Relators, for example, have not offered any evidence to substantiate the assertion that they have preemptively reduced all Cohen Milstein hourly billing by 25%; Relators also appear to have billed inconsistent amounts for the same events – because Steward appears to accept the requested amounts if an across-the-board 87.5% reduction is applied, *see* Opp'n at 13; Surreply [Dkt # 77] at 2,

2

For the following reasons, the court agrees with Steward and will award Relators 12.5% of their submitted fees, costs, and expenses.

## DISCUSSION

In *United States ex rel. Lovell v. AthenaHealth, Inc.*, 56 F.4th 152 (1st Cir. 2022), the First Circuit expressly rejected the proposition that a relator is entitled to recover attorneys' fees and costs incurred for claims upon which the Government did not intervene. *Id.* at 161 ("Because the government did not intervene in Sanborn's EHR Compliance Claim, he is not entitled under § 3730(d)(1) to attorneys' fees for that claim."). Relators nonetheless ask the court to award them the full sum of their attorneys' fees and costs,[4] asserting that the intervened and declined claims "are inextricably interwoven" and

---

the court will not delve further into the seeming inconsistencies in the billing records.

[4] Relators repeatedly reference having obtained "some degree of success on the merits." *See* Mem. in Supp. of Pet. for Attorneys' Fees, Costs, and Expenses (Mem.) [Dkt # 72-1] at 5, quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983); *see also id.* at 7. But as they recognize elsewhere, *see* Mem. at 1, 4, 6, this is not the test prescribed by the FCA. Under 31 U.S.C. § 3730(d)(1), a relator may only recoup fees and costs for claims upon which the government has intervened and for which the relator has received an award. *See Athena*, 56 F.4th at 160-161.

That Relators settled the declined claims matters naught. Because the Government only "settled with the Defendants as to certain conduct," Mem. at 3, Steward's payment to the Government – the source of Relators' monetary award – could, as a matter of logic, only relate to that specific conduct.

3

that *Athena*, in fact, "expand[ed] a defendant's liability to pay fees, costs, and expenses for attorney work" on interrelated declined claims. Mem. at 6, 10.

Relators appear to misunderstand the holding in *Athena*. The First Circuit did not hold that "fees from interrelated work on" intervened and declined claims are compensable under 31 U.S.C. § 3730(d)(1). Mem. at 10. Instead, it merely determined that, where relator's counsel did not differentiate between time spent on the intervened and declined claims, the district court did not abuse its discretion by applying a 50% reduction (based on its own "assessment of the relative complexity of the two claims" and their potential overlap) to reflect the exclusion of the declined claim. *Athena*, 56 F.4th at 157 n.3; *see also id*. at 161.

Here, in the absence of any indication from Relators' counsel as to which hours were spent on which claims, the court agrees with Steward that one eighth of fees and costs, representing the one intervened claim of the eight claims asserted, is a fair proxy for the exclusion of the declined claims. First, contrary to Relators' cursory assertion otherwise (unsupported by any citation to case law or even to a comparison of their own billing records), there is no evidence that the intervened claim involved "significantly more intricate and complex facts, and more legal research" than the declined claims. Mem. at 12. Indeed, by Relators' own account, the declined claims

4

were more fact intensive than the intervened claim, which would seemingly indicate greater factual complexity. Second, the court sees only minimal overlap between the claims. Relators themselves admit that "[t]he case's intervened and declined claims had different legal theories," which undercuts any assertion of legal overlap. Mem. at 11. *But see* Mem. at 12 (in a baffling about-turn, arguing that the claims "are also based on interrelated legal theories"). And factually, even assuming that the claims are all, at their core, "based upon Steward's ACO system and actions to improve ACO metrics through pressure to self-refer," Reply [Dkt # 75] at 2, it is not clear how any evidence relevant to the intervened claim – that Steward paid Brockton Urology for non-existent services – would meaningfully bear on the merits of the declined claims, which hinge on whether "services were performed but were not of a sufficient standard as to provide adequate medical care." Mem. at 12.

## ORDER

For the foregoing reasons, the motion is <u>ALLOWED IN PART</u>. Steward shall pay 12.5% of Relators' currently requested fees, costs, and expenses.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE